JOHN J. CLAUSE

*v.*

THE BULLOCK PRINTING PRESS COMPANY.

*Filed at Ottawa November 13, 1886.*

1. PLEADING AND EVIDENCE—*when there may be a recovery on the common counts—and when the plaintiff must declare specially.* Where a person has been employed to make and construct certain machinery for a given price, one-half to be paid when shipped by the maker, and the balance when received and applied to the use intended, and it working satisfactorily, and before the work is completed the manufacturer is notified by the other party that he will not receive the same, the former can not recover for the machinery under the common counts. He can only recover damages for a breach of the contract, and must declare specially.

2. SAME—*set-off under the common counts—what recoverable.* So damages growing out of a breach of a contract to accept and pay for certain work

when completed, can not be set off under a plea containing only the consolidated common counts.

3. SET-OFF—*unliquidated damages.* Unliquidated damages arising out of a contract unconnected with the subject matter of the plaintiff's suit, are not the subject of set-off in that suit.

4. PLEADING AND PRACTICE—*allowing plea of set-off after issues are made up.* After a cause has been brought to issue, and has been continued, when called for trial, on the defendant's application, and when it has again been reached for trial, it having been pending over a year, this court is not prepared to say it is error to refuse leave to file a plea of set-off.

5. PROMISSORY NOTE—*construed, as to credits to be allowed.* A clause in a promissory note, to the effect that amounts becoming due to the maker on account with the real payee, should be indorsed as payments on the note as they become due, does not contemplate that unliquidated damages, arising upon a breach of a contract, may be applied as a payment, but only money due the maker.

6. ERROR WILL NOT ALWAYS REVERSE—*instruction that could have done no harm.* Where the jury fail to award any damages against a defendant for an alleged breach of contract, this court will not inquire whether there was error in the instructions given in behalf of the plaintiff, in respect to the damages claimed, as, whatever they may have been, they could not have done the defendant any harm.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. FRANK J. SMITH & HELMER, for the appellant:

The court improperly refused leave to file the plea of set-off. It being the object of courts to effectuate that which is just and right, even a discretion ought not to be so exercised as to defeat justice, and prevent the proof of a meritorious defence. *Griswold* v. *Shaw,* 79 Ill. 449; *McCarthy* v. *New,* 91 id. 127; *Scott* v. *Connell,* Breese, 25.

That is payment which by the parties shall be accepted as such. *Hoffman* v. *Walker,* 26 Gratt. 316; *Insurance Co.* v. *Mason,* 5 Bradw. 141; *Mines* v. *Moore,* 41 Ill. 273; *Wilson* v. *King,* 83 id. 237.

Messrs. FOLLANSBEE & O'CONNOR, for the appellee:

The court properly exercised its discretion in refusing to allow a new defence at the time leave was asked to file the plea.

The folder being unfinished at the time the plaintiff gave the notice of March 26, 1883, the defendant could only recover damages for a breach of the contract. *Brand* v. *Henderson*, 107 Ill. 141; *Hosmer* v. *Wilson*, 7 Mich. 294; *Danforth* v. *Walker*, 37 Vt. 239.

Unliquidated damages arising out of a contract unconnected with the subject matter of the plaintiff's suit, are not the subject of set-off. *Hawks* v. *Lands*, 3 Gilm. 227; *Sargeant* v. *Kellogg*, 5 id. 273; *DeForrest* v. *Oder*, 42 Ill. 500; *Robison* v. *Hibbs*, 48 id. 408.

To be the subject of recoupment, the defendant's claim must arise out of the very cause of action sued on. *Hubbard* v. *Rogers*, 64 Ill. 434; *Evans* v. *Hughey*, 76 id. 115; *Morehouse* v. *Baker*, 48 Mich. 335.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The appeal here is taken from a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county, rendered, where, on the trial, three separate causes then pending in the court were consolidated, and tried as one cause. The first suit was one in assumpsit, brought by the Bullock Printing Press Company, against John J. Clause, in said Superior Court, on July 2, 1884, claiming damages for the non-performance of a contract (or non-fulfillment of orders accepted under a contract) between the parties, dated May 19, 1882. This contract related to the construction of folding machines by the defendant, to be used in connection with printing presses to be made by the plaintiff. The declaration consisted of special and the common counts. The first three special counts charge that the plaintiff ordered, and the defendant agreed to build, a

folding machine for the "Boston Herald," under the contract of May 19, to be used in connection with a Bullock printing press, and that defendant did not construct the machine properly. The fourth, fifth and sixth special counts charge that plaintiff ordered, and defendant agreed to build, under the same contract of May 19, a folding machine for the Philadelphia Press Company, and charging defendant with improper construction of the machine. The seventh and eighth special counts set out an order for a cylinder for a folding machine for the "Boston Advertiser," and alleging a failure, on defendant's part, in the construction of such cylinder.

On August 2, 1884, the plaintiff brought another suit in assumpsit, against the defendant, in said Superior Court, upon a note, as follows:

"$1000.                     CHICAGO, *Dec. 15, 1882.*

"Three months after date I promise to pay to the order of James G. Knapp, treasurer, $1000, with six per cent interest, value received. Amounts becoming due to me on account with Bullock Printing Press Co., to be indorsed as they become due.                     JNO. J. CLAUSE."

On the back of the note were the following indorsements: "This note is given in lieu of another note for same amount, dated June 12, 1882." "Recd. on this note, Dec. 20, 1882, the sum of three hundred and fifty-one $\frac{29}{100}$ dollars ($351.29.) Jas. G. Knapp, Treas'r." "Pay to the order of the Bullock Printing Press Co.—Jas. G. Knapp, Treas'r." The special count, after describing the note, avers: "That no amount or amounts have ever become due to said defendant on account with said plaintiff."

The third suit of the same plaintiff, against the same defendant, was commenced August 9, 1884, upon a note precisely like the one above shown, excepting that it fell due four months after date, instead of three, and there were the same indorsements on the back, except there was no indorsement

of any payment on the last.    The plea of the general issue, alone, was filed in each case.

Shortly after the causes were at issue, a stipulation for their consolidation was entered into.    The plaintiff proceeded to take the evidence of non-resident witnesses in support of its claims, the evidence going almost entirely to support the item in the first suit for damages sustained by reason of the failure of the defendant to furnish such a folding machine for the "Boston Herald" as he had contracted to furnish.    When the cause was reached for trial, on motion of the defendant, it was continued.    Subsequently, testimony was taken, by deposition, by both parties, all having reference only to the amount of the damages claimed in the above named item. In November, 1885, the suits having been pending about a year and a quarter, the cause was again reached for trial, and was upon the trial call when an application was made by the defendant for leave to file a plea of set-off, which plea should consist of the consolidated common counts.    The court refused such leave.    The cause afterward coming on for trial, the plaintiff entered a *nolle prosequi* as to all of the counts in the declaration in the first cause, except those relating to the "Boston Herald" folding machine, on which abandoned counts plaintiff had taken no proof, and as to which no account sued on had ever been filed, whereupon defendant renewed his motion to file a plea of set-off, consisting, as before, of the consolidated common counts, which application the court again refused.    The amount of the verdict rendered by the jury, and of the judgment, was $1935.48, the amount due upon the two notes sued upon.

The following reasons are urged why the judgment should be reversed:    That the court erred in refusing leave to file the plea of set-off; in not admitting evidence, on the part of the defendant, of a counter-claim against the plaintiff, under the plea of the general issue; and in giving and refusing instructions.

We are not prepared to say that the court erred in refusing leave, at that stage of the cause, to file a plea of set-off. But conceding there to have been error in this, it was an error that worked no injury to the defendant. The leave asked was to file the "consolidated common counts." It appears that it was a claim for damages which the defendant had sustained by reason of plaintiff's failure to take the "Philadelphia Press" folder, which was sought to be availed of under the plea of set-off. The evidence shows that the plaintiff ordered a three-fold single folder for a new press, for the "Philadelphia Press," on November 22, 1882, the price for which was fixed by the contract of May 19; that its construction was entered upon, but before it was completed the plaintiff wrote to the defendant, saying that he should decline to take it. To this letter the defendant replied: "As to the Philadelphia folder, I shall hold it subject to your order, when I have made a thorough test of it in my shop, demonstrating before good witnesses that it does all I claim for it." By the terms of the contract of May 19, under which the folder was ordered, it was to be paid for, one-half in cash, when shipped from Chicago, and the balance when it was attached to the press for which it was built, and running satisfactorily. Under these circumstances, the defendant could only recover damages for breach of contract, and which recovery could not have been had under the consolidated common counts, but only under a special plea. *Brand* v. *Henderson*, 107 Ill. 141; *Hosmer* v. *Wilson*, 7 Mich. 294; *Danforth* v. *Walker*, 37 Vt. 239. Further, unliquidated damages arising out of a contract unconnected with the subject matter of the plaintiff's suit, are not the subject of set-off. *Hawks* v. *Lands*, 3 Gilm. 227; *Sargeant* v. *Kellogg*, 5 id. 273; *De Forrest* v. *Oder*, 42 Ill. 500; *Robison* v. *Hibbs*, 48 id. 408. We do not see, then, what benefit it would have been to the defendant to have filed this proposed plea of set-off, as defendant could not have introduced his evidence under it.

What is complained of as the exclusion of evidence of a counter-claim, under the general issue, consists in not admitting evidence as to defendant's claim in respect of this "Philadelphia Press" folder, in payment or reduction of the amount due upon the two notes sued on. The notes provide that amounts becoming due to defendant on account with Bullock Printing Press Company, to be indorsed as they become due. The trial court did not regard what defendant claimed in respect of the "Philadelphia Press" folder, as an amount due, but as unliquidated damages, and excluded the offered evidence in regard thereto. At the same time, the court ruled that it would receive evidence of any actual sums of money due, but that, under the pleadings, defendant could not go into proving up damages for the non-performance of any contract. We regard the court's construction of this provision of the notes as correct,—that it did not contemplate that unliquidated damages arising upon breach of a contract might be applied as payment on the notes, but only sums of money due, and that as defendant was allowed to prove the latter, he has no just ground of complaint for this ruling of the court.

As respects the instructions complained of, they had reference solely to the question of damages which the plaintiff claimed to have sustained by the failure to furnish such a folder as defendant had agreed to furnish to the "Boston Herald." Appellant's counsel says : "The verdict of the jury was for the precise amount due on the face of the two notes,— $1935.48. The jury manifestly found against the appellee, on the claim for damages." It becomes unnecessary, then, to consider these instructions, as, whatever they might have been, the finding of the jury, in respect of these damages, could not have been any more favorable to the defendant than it was.

The judgment will be affirmed.

*Judgment affirmed.*