WIGENT *v.* MARRS.

1. EXECUTORY CONTRACT — RIGHT TO STOP PERFORMANCE — DAMAGES.
   A party to an executory contract may always stop performance by the other party by an explicit direction, but renders himself liable for such damages as the other has sustained by reason of having the performance stopped.

2. SAME — CONTRACT PRICE.
   Where one party to an executory contract has renounced it, the other party cannot thereafter complete the performance of it, and recover the contract price, but his remedy is for damages for a breach of contract.

3. SAME — PLEADING — COMMON COUNTS.
   The common counts will not sustain an action to recover damages for the breach of an executory contract.

Error to Berrien; Coolidge, J. Submitted April 25, 1902. (Docket No. 107.) Decided May 19, 1902.

*Assumpsit* by Gardner A. Wigent against Chloe R. McClung for goods sold and delivered. Defendant died pending the trial, and the cause was revived in the name

of her administrator, Thomas Marrs. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*N. A. Hamilton,* for appellant.

*Charles E. White* and *Cady & Andrews,* for appellee.

HOOKER, C. J. Plaintiff recovered a verdict and judgment in an action of *assumpsit* before a justice of the peace, which was reversed in the circuit court on appeal. The declaration was upon the common counts. The facts were undisputed, and in substance are as follows: In May, 1900, defendant's intestate gave a written order to plaintiff's agent for a monument to be erected upon her lot in the cemetery at the agreed price of $100, the same to be completed between that date and June 30, 1900, unless unforeseen causes should prevent, and in that event as soon thereafter as practicable. It was to be set upon a foundation to be erected by her. The contract was approved by the plaintiff on May 14th, of which Mrs. McClung was notified, and at the same time the monument was ordered to be made at the quarry. The latter part of June the plaintiff notified her to get the foundation ready, in response to which she wrote him that he need not bring that monument, as it did not come according to agreement. On July 5th plaintiff replied, stating that the monument was well under way, and he could not allow her to countermand her order; that it would be delivered as soon as completed, and would be strictly according to contract, and she was requested to have her foundation built as soon as possible. In response to this she wrote:

"You have not done according to agreement at all. You was to have it up by the 30th of June at the farthest. We are not obliged to wait your motion, so, if you bring it, you may take it back."

The plaintiff had the monument completed and set up upon a foundation erected by himself. This action was

brought to recover the contract price and $1.50 for the foundation, with interest from August 23, 1900.

It was shown that the delay was caused by unforeseen circumstances. No complaint was made of the workmanship, which was such that the monument could not be used for any other purpose. The defendant claims that the plaintiff, upon receipt of Mrs. McClung's letter, had no legal right to complete the contract and recover the price; that his only remedy was to recover in damages for a breach of the contract. Plaintiff, on the other hand, claims that it was competent to treat the contract as performed, and that he is entitled to recover the contract price upon the common counts.

It is undisputed that defendant unqualifiedly renounced this contract before the monument was completed, and forbade its completion and erection upon her premises. Many authorities hold that she had the right to do this, and thereafter plaintiff's right of recovery would be limited to damages for the breach of the contract involved in the renunciation. In 2 Mechem, Sales, § 1091, the author says:

"The law is well settled that a party to an executory contract may always stop performance on the other side by an explicit direction to that effect, though he thereby subjects himself to the payment of such damages as will compensate the other for the loss he has sustained by reason of having his performance checked at that stage in its progress."

"The contract is not rescinded, but broken; and, while the other party has the right to deem it in force for the purpose of the recovery of his damages, he is under no obligation, for that purpose, to tender complete performance, nor has he the right to unnecessarily enhance the damages by proceeding, after the countermand, to finish his undertaking." Id. § 1092.

This subject is discussed in the case of *Hosmer* v. *Wilson*, 7 Mich., at page 305 (74 Am. Dec. 716), where Mr. Justice CHRISTIANCY says:

"And it is certainly very questionable whether the

party thus notified has a right to go on after such notice to increase the amount of his own damages. In *Clark* v. *Marsiglia*, 1 Denio, 317 (43 Am. Dec. 670), it was held he had no such right, and that the employer has a right (in a contract for work and labor) to stop the work, if he choose, subjecting himself to the consequences of a breach of his contract; and that the workman, after notice to quit work, has no right to continue his labor, and recover pay for it. This doctrine is fully approved in *Derby* v. *Johnson*, 21 Vt. 21."

Mr. Justice CHRISTIANCY adds that:

"This would seem to be good sense, and therefore sound law; and it would seem that any other rule must tend to the injury, and in many cases to the ruin, of all parties."

In the case of *Danforth* v. *Walker*, 37 Vt. 244, the court said of a similar case:

" While a contract is executory, a party has the power to stop the performance on the other side by an explicit direction to that effect, by subjecting himself to such damages as will compensate the other party for being stopped in the performance on his part at that point or stage in the execution of the contract. The party thus forbidden cannot afterwards go on and thereby increase the damages, and then recover such increased damages of the other party."

See, also, *Butler* v. *Butler*, 77 N. Y. 472 (33 Am. Rep. 648); *Clause* v. *Printing-Press Co.*, 118 Ill. 612 (9 N. E. 201).

We are cited by plaintiff's counsel to the case of *Black* v. *Herbert*, 111 Mich. 638 (70 N. W. 138), as a case on all fours with the present case; but we think it is readily distinguishable. In that case, after renunciation the parties met by appointment, and the plaintiffs were permitted to alter and set up the monument. It became, therefore, a question for the jury whether or not the contract had been performed. Renunciation must be more than mere idle talk of nonperformance; it must be a distinct, unequivocal, and absolute refusal to receive performance or to perform on his own part. 2 Mechem,

Sales, § 1087. The party attempting to renounce may withdraw his renunciation and have the contract performed (Id. § 1090), and it would seem that the defendant in that case did so.

There are only two theories upon which the common counts could be relied upon in this case: *First*, upon the theory that the contract had been performed, and that the contract price was therefore recoverable; and, *second*, for the work and material used in the foundation built by the plaintiff. The undisputed facts show that the contract was not performed on receipt of the renunciation, and there could be no recovery for the erection of the foundation, because the plaintiff was never requested to build it, but, on the contrary, was prohibited from doing anything further in performance of the contract. The only redress that the plaintiff would be entitled to recover would be damages for the breach of the contract if renunciation should be found to be unwarranted, which does not appear.

It follows that the judgment must be affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.