MAYO *v.* LATHAM.

1. FRAUD—DECEIT—EXPRESSION OF OPINION.
   The expression of an opinion that the price of goods sold is cheaper than the buyer can procure them for elsewhere, does not constitute fraud although it is untrue.

2. SALES—CONTRACT—BREACH—DAMAGES.
   A purchaser of shrubbery who cancels the order after the seller has dug up and set aside the property for him, is not liable for the entire purchase price, but for damages for the breach merely.

Error to Wayne; Donovan, J. Submitted October 20, 1909. (Docket No. 129.) Decided December 10, 1909.

Assumpsit by Emerson S. Mayo against Charles K. Latham for breach of a contract for the sale of certain trees. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*W. C. Stuart,* for appellant.

*Clark, Lockwood & Bryant,* for appellee.

MOORE, J.   On January 27, 1906, appellant signed a
written order to plaintiff for certain trees and shrubbery
amounting to $74.30.   This order was received by plain-
tiff January 31, 1906.   It was accepted by plaintiff on
February 1, 1906, by letter, and prior to February 27th,
when defendant claims to have canceled the order, the
trees and shrubs had been dug and set aside for plaintiff.
On January 31, 1906, plaintiff paid to the agent, who took
this order, a commission amounting to $22.29.   On Febru-
ary 20, 1906, appellant wrote plaintiff, in effect, that he
desired to make some little change in the order.   On Feb-
ruary 27, 1906, he wrote, canceling the order.   Plaintiff
refused to cancel the order, and the stock was shipped
about April 14, 1906.   On April 17th the appellant wrote
that he would not receive nor accept the goods.   In due
course of time, suit was commenced in justice's court.
The plaintiff declared, "in an action of assumpsit on all
the common counts, specially for a breach of written con-
tract, claims damages $500.00 or under, the defendant
pleads the general issue," etc.   The case was tried by the
justice and resulted in a judgment for plaintiff.   An ap-
peal was taken and judgment was rendered for plaintiff
of $74.30 and costs.   The case is brought here by writ of
error.

Two defenses were interposed:   *First*, that the order
was obtained by fraud; *second*, that the order was can-
celed.   The fraud claimed is that the agent who sold the
goods said that the price charged was as cheap or cheaper
than they could be bought for elsewhere.   We think the
record discloses only an expression of opinion on the part
of the agent, and, even though it should appear that simi-
lar goods could have been secured elsewhere at a less
price, it would be no ground for annulling the contract.
*Collins* v. *Jackson*, 54 Mich. 186 (19 N. W. 947); *Moon*
v. *McKinstry*, 107 Mich. 673 (65 N. W. 546).

As before stated, the defendant notified plaintiff by
letter that he canceled the contract and would not take
the goods.   Defendant preferred a number of written re-

quests to charge. The judge declined to give these and gave a general charge that was not clear, and some parts of which it would be difficult to harmonize with other parts of it. In one part of the charge, the jury were instructed that the only defense in the case was the false statement of the agent. This we have already seen was a mistake. The jury were told:

" The contract between the parties was executory; that is, it was not complete. It was in the course of execution, and when broken by the defendant by his letter to the plaintiff—well that is incomplete, strike it out.

"*Mr. Latham:* That refers back. It is also executory when made and when the letter was written.

" *The Court:* Executory when made, and it remains so. That is the claim of the defendant, if you believe their testimony, that would be true. An executory contract is an agreement between parties to do a certain thing. It is an executed contract when the thing is done. An executed contract cannot be broken, because it is complete of itself. An executory contract can be broken by either party thereto, by his refusal to execute it, but the one who breaks a contract is liable for damages to the other party if the damages had been sustained and are proven. * * * Now we are to look at this matter in a substantial manner, and I will state it in my own way as I thought it over after I went home last night. The parties entered into a written contract. The order accepted is a written contract. Only one of the parties consented to the breaking of that contract; that is, Mr. Latham. The other side did not consent to it. The party is the defendant then that consented, or took upon himself, the risk of breaking it and standing the consequences. If he did it without any legal cause, why it will stand as though not broken at all. If you find that he had legal cause, it would stand, a verdict for the defendant. That is, in other words, if you believe the plaintiff, his depositions, his evidence, you would find $74.30 with interest about two years; but if you believe the defendant's evidence, that he was induced to buy shrubs at an exorbitant price, at a price beyond what they were reasonably worth, and not knowing so much about them as the agent, if he has maintained his case, you will find no cause of action."

The rule as to the measure of damages which should

control in the case is stated in *Wigent* v. *Marrs*, 130 Mich. 609 (90 N. W. 423). The attention of the court was called to this case; but he failed to give the proper instructions.

Judgment is reversed, and new trial ordered.

GRANT, MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.