WOOD v. ROOKS.

1. APPEAL AND ERROR—FINDINGS OF FACT AND LAW—TRIAL.
   Findings of fact made by the trial judge without the aid of a
   jury are regarded on error as special verdicts which, if sup-
   ported by any evidence, are conclusive; but appellant may
   review the case on the contention that there is no testimony
   to sustain them.

2. SALES—CONTRACTS—RESCISSION—WAIVER.
   Where defendant executed an order in duplicate for a set of
   books, and caused to be inserted on the part retained by him
   a condition that the books should be delivered in nine months,
   also, after the expiration of that time, ordering other books
   from plaintiff and signing an agreement to pay installments
   upon both orders, he could not rescind for failure upon plain-
   tiff's part to deliver the set within the nine months.

3. SAME—BREACH—WAIVER.
   He waived any failure of performance, so as to lose his right
   to rescind, by accepting and retaining a part of the first
   order after the time limited by the duplicate contract.

Error to Kent; Brown, J. Submitted October 16,
1912. (Docket No. 98.) Decided December 17, 1912.

Assumpsit in justice's court by William C. Wood and
another against John J. Rooks for the price of books sold
to defendant. From a judgment for plaintiffs for less
than their claim, the plaintiffs appealed to circuit court.
Judgment for plaintiffs. Defendant brings error.
Affirmed.

*Adsit & Danhof*, for appellant.

*George C. Brown*, for appellees.

OSTRANDER, J. In justice's court plaintiffs declared
orally upon the "common counts in assumpsit specially
for goods sold and delivered and specially on two con-

tracts for purchase of two sets of books," and defendant pleaded the general issue with notice that he would show in his defense the following facts:

" Said plaintiffs' authorized agent on or about February 6, 1907, called on said defendant at his office in the city of Grand Rapids, in said county, and solicited him to subscribe for a set of medical books entitled ' The American Practice of Surgery.' That said agent stated to him that said books would all be published and delivered within nine (9) months thereafter. That defendant told said agent that said books would be out of date and antiquated in authority upon the practice of surgery unless said books were published and delivered within said nine (9) months or thereabouts. That said agent told him that if he did subscribe for said set of books that they (the books) would be published and delivered to him within nine (9) months thereafter. That said defendant then told him that, if he would write in the said order which he presented to him the words ' with the understanding that they would be ready in nine months,' then he would give said plaintiff an order or subscribe for the same. That said agent asked him then to sign the order and at the same time gave to him a duplicate of said order which he was about to sign, and which said duplicate contained the words ' with the understanding that they would be ready in nine months.' That said defendant, relying on the statements and representations of said agent, and also upon the duplicate which the said agent delivered then and there, he (the defendant) signed the same. Said defendant will further show that said statements of said agent were false and untrue. And also this defendant is informed now the order which he did sign and which was sent in by said agent to the plaintiffs did not contain the words ' with the understanding that they will be ready in nine months.' Defendant will further show: That four of the eight volumes in said set he has received. That some time last spring he was notified of the arrival of the fifth volume of said set, but he refused to receive and accept same or the remaining volumes of said set for the reason that said books did not comply with the terms of said order, namely, that the said entire set was not published and delivered to him within said nine months as said order was given. And for the further reason that said set of books are now antiquated and obsolete upon

questions of the practice of surgery. That he has paid on said books the sum of $32, and he hereby claims the right to have said money returned to him by reason of the nonperformance of said contract by said plaintiffs or by applying the same, or as much thereof as may be necessary, on plaintiffs' demand, if any, and that the balance, if any, be certified in defendant's favor. Said defendant will further show: That on or about July 16, 1908, he gave an order to said plaintiffs' agent for another set of books entitled 'Reference Hand Book of the Medical Sciences.' That by the terms of said order he was to pay for the same at the rate of $2.50 every two months until the purchase price of same was paid in full. That he has received said set of books and has made his payments on same as they fell due, and that at the time of the commencement of the said suit no installments on said books were due."

The printed record gives no further information about the pleadings. Upon an appeal to the circuit court the issue was tried by the court without a jury and the court found the facts and stated conclusions of law as follows:

## "FACTS.

"(1) Plaintiffs are publishers of medical works in New York City, and on July 5, 1907, one of their solicitors received from defendant, residing in Grand Rapids, a subscription for an eight-volume set of 'American Practice of Surgery,' at $8 per volume, to be thereafter published and delivered as each volume was published, payable '$5 every 60 days from date of shipment.' The subscription was on one of plaintiffs' regular subscription blanks, and the terms of the subscription made a full and complete contract between the parties.

"(2) Under this subscription, the first four volumes were shipped to defendant as published, and received by him; the fourth volume being received some time in 1908. Defendant paid for these four volumes; the last $17 being paid in three payments between November 25, 1907, and June 8, 1908, and the four volumes were in possession of defendant when suit was commenced.

"(3) On July 16, 1908, through another solicitor of theirs plaintiffs received from defendant a subscription for an eight-volume set of 'Reference Hand Book of Medical Sciences' at $8 per volume, to be shipped at once. This

set was in possession of defendant when this suit was commenced. This subscription was likewise on plaintiffs' regular subscription blank and its terms made a full and complete contract between the parties.

"(4) The terms of payment were stated on the back of the subscription, and were as follows:

"'You are to charge this to account and I am to pay full bill as at present ($5.00) every two months, which includes "A. P. S." and "R. H. B."

"'J. J. ROOKS."

"The initials "A. P. S." and "R. H. B." meant respectively, 'American Practice of Surgery' and 'Reference Hand Book of Medical Sciences,' contracted for in the two subscriptions.

"(5) January 18, 1909, plaintiffs notified defendant that volume 5 of 'American Practice of Surgery' had been published and was about to be sent or had already been sent to him. January 20, 1909, defendant replied that he would neither accept the volume nor pay for any more of them. I find that plaintiffs had shipped this volume to defendant before he rescinded the contract for the 'American Practice of Surgery.'

"(6) The only payments made by defendant to plaintiffs after June 5, 1908, were two of $5 each, made October 8, 1908, and December 8, 1909, under the terms of the contract of July 16, 1908. After rescinding the contract for the 'American Practice of Surgery,' defendant refused to make any further payments.

"(7) When this action was commenced in justice's court of Grand Rapids on October 5, 1909, $25 was due and unpaid under the terms of the contract of July 16, 1908.

"LAW.

"(1) I find the declaration in the case is broad enough to permit recovery, under the facts shown in this case.

"(2) I find that the contract of July 16, 1908, fixed the terms of payment for both sets of books in single, deferred, partial payments, and to that extent merged the contract of February 5, 1907, and made the contract of July 16, 1908, the only contract in existence as to the payments for both sets of books.

"(3) I find that the terms of payment stated in the

contract of July 16, 1908, made that contract a single indivisible contract for the payment for both sets of books, of which there could not be a partial renunciation so as to prevent plaintiffs from recovering under the pleadings in this case for the payments due and unpaid at the commencement of this suit.

"(4) I find that the defendant is liable in this action for the payments due for both sets of books under the contract of July 16, 1908, as though he had not refused to receive a portion of one set.

"(5) I find that there having been no attempted rescission or breach of the contract of July 16, 1908, before all volumes of 'American Practice of Surgery' then published had been shipped to defendant, and defendant having received all volumes of the 'Reference Hand Book of Medical Sciences,' plaintiffs are entitled to recover in this action strictly according to the terms of payment of the contract of July 16, 1908.

"(6) I find therefore that plaintiffs are entitled to a judgment for $25 and interest thereon at 5 per cent. from the commencement of this suit to the date of judgment."

In the findings of facts, "July 5, 1907," should read "February 5, 1907."

Exceptions were filed to the facts found as stated in the first, fifth, and seventh paragraphs of the findings, as not based upon the testimony, and to all conclusions of law, as not sustained by "the evidence in said cause, not based upon it and not warranted thereby."

The errors assigned follow closely the exceptions which were taken, and in the brief for appellant those discussed are:

"(1) The court's finding of fact that plaintiffs' Exhibit A constituted the entire contract between the parties independent of the duplicate, defendant's Exhibit 1.

"(2) That volume 5 had been shipped by plaintiffs before defendant rescinded the contract.

"(3) That there was due and unpaid on the contracts the sum of $27.86 when suit was commenced October 5, 1909.

"(4) In finding that defendant had not rescinded the contract of February 5, 1907, before the fifth volume had been shipped by plaintiffs.

" (5) In finding that the declaration was sufficient under the proofs to permit recovery or support a judgment."

Of these, the fourth is but a repetition of the second, and only the fifth presents a distinct question of law.

In cases like this, the findings of fact are regarded as special verdicts, and, if there is testimony to support them, are conclusive in this court. If it is claimed there is no testimony tending to sustain them, or any of them, this court will examine the testimony if it, or the substance of it, is returned. Before doing so in this case, it is well to understand what the real contention of appellant is. It is a narrow one and is based upon a supposed rescission in January, 1909, of the contract, or subscription, of February 5, 1907. The ground of the attempted rescission was that the order was given upon a condition which was written at defendant's request, in an alleged duplicate of the said order given to defendant by the agent who made the sale, as follows: "With the understanding that they will be ready in nine months," which condition had been violated by plaintiffs. No such condition appeared in the original of the order signed by defendant and sent to and accepted by plaintiffs. When the second order was taken, in July, 1908, three volumes of the work first subscribed for had been received by defendant, a fourth was received later, and a fifth he declined to receive from the express company. In July, 1908, when defendant gave the second order for books, the period mentioned in the condition relied upon had long expired. Besides this, both the original order for the books and the duplicate left with defendant contained the following:

"This Order is not subject to Countermand. Read This Before Signing. No mental reservation can be allowed and no agreement, verbal or otherwise, made with agent by which the terms and dates, as herein found are in any way changed or modified, is valid unless terms of said agreement are written on face or back of this contract."

And, also:

"Subscriber should retain exact copy of contract."

In form the order of subscription is addressed to plaintiffs and begins, "You are hereby requested to enter my name upon your books as a subscriber for;" the particular work being named.

The facts stated in the second, third, fourth, and sixth findings are not questioned. There is testimony tending to support the fifth finding, and the seventh is merely the result of a calculation, itself sustained by testimony.

It is appellant's theory that the duplicate order and original thereof given in February, 1907, together constitute the contract then made, and, even if the original alone evidenced the contract, it was void on account of the fraud of plaintiffs' agent. In either event, he was entitled to rescind that contract. Rescinding it, he had the right to tender back the books and apply payments made on that contract upon the second contract, and, if such application was made, he owed nothing when suit was begun. If not entitled to rescind the first contract, he had at least renounced it—refused to proceed with it—and, it being executory, plaintiffs can recover only, upon a special count, for breach of the contract.

If defendant was not entitled to rescind, the recovery was for a sum due and owing upon a contract to that extent executed by plaintiffs, leaving nothing to be performed by defendant except to pay a sum of money agreed to be paid. The facts do not bring the case within the rule applied in *Wigent* v. *Marrs*, 130 Mich. 609 (90 N. W. 423); *International Textbook Co.* v. *Schulte*, 151 Mich. 149 (114 N. W. 1031). It is therefore apparent that unless defendant had the right to rescind and did rescind the contract or order of February 5, 1907, the conclusions of law are supported by the facts found, and the judgment must stand. This is so whether we treat the matter ending the first paragraph of the findings of fact as a statement of law or of fact.

Defendant was not entitled to rescind. Treating the condition relied upon as binding and made for his benefit, he waived performance of it: *First*, by accepting and paying for volumes of the work long after the period of time stated in the condition had elapsed; *second*, by the new arrangement as to his payments contained in the contract of July, 1908, an arrangement for making payments upon both sets of books.

We find no error, and the judgment is therefore affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.