Sleepy Eye Milling Company, Appellee, v. Conrad Hartman and Conrad Hartman, Jr., trading as Conrad Hartman & Son, Appellants.

1. CORPORATIONS, § 710—*what does not constitute transaction of business in this State by an unlicensed foreign corporation.* A foreign corporation by employing a general broker to sell its products in this State does not maintain an agent in this State so as to constitute the transaction of business in this State without a license and thereby preclude it from suing in the courts of this State on the contract of sale, the preponderance of the evidence showing that the contract was made and accepted in its home State.

2. SET-OFF AND RECOUPMENT, § 9*—*when claim for damages arising out of one contract cannot be recouped against liability on another contract.* In an action by seller on two contracts for the sale of flour to recover for loss resulting from the buyer's refusal to accept all the flour contracted for after the buyer had received and used a part of the flour delivered under the first contract, the buyer rejecting flour on account of the inferior grade of the flour accepted, and claiming damages to his business by reason thereof, *held* that the damages sustained by the buyer, if any, were chargeable wholly to the flour received under the first contract, and not having received any of the flour covered by the second contract no such loss or damage could be shown thereunder by way of recoupment.

3. SET-OFF AND RECOUPMENT, § 9*—*when claim for damage cannot be set off or recouped.* A claim for unliquidated damages arising out of a breach of contract cannot be set off in an action to recover on another contract, and a claim for damages arising out of a former contract cannot be recovered by recoupment.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

THIRD DISTRICT—OCTOBER, 1913.        309

Sleepy Eye Milling Co. v. Hartman et al., 184 Ill. App. 308.

4. SALES, § 305*—*rights of seller in making resale when buyer has refused to accept the goods.* Where a buyer of flour refuses to accept the same it is the duty of the seller to resell it, and in so doing, he is not confined to the market at the place it was contracted to be delivered to the buyer even though it might have sold for a greater sum at that place, unless the resale was made at a different place with the intention of injuring the buyer or with knowledge that by making sales at other places a less price would be received.

5. SALES, § 146*—*right of buyer to reject flour when purchased under two contracts of sale.* The mere fact that flour shipped to buyer under one contract of sale was not of the quality of grade or standard purchased does not justify the conclusion that a second shipment under another contract of sale was of the same grade or character as the first.

6. SALES, § 282*—*what evidence incompetent to show inferior quality of flour sold.* In an action by a milling company on a contract for the sale of flour to recover for loss sustained by refusal of buyer to accept the flour, the buyer rejecting the flour on account of its inferior quality, evidence offered by the defendant to show that the plaintiff Company was in the hands of a receiver, and that the flour was degraded and its efficiency damaged by the plaintiff Company to enable certain persons to purchase the flouring mill at a reduced price at the receiver's sale, *held*, incompetent as having no bearing on the question at issue.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

SMITH & FRIEDMEYER, for appellants.

ALONZO HOFF, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff to recover from defendants for shipments of flour purchased by defendants from plaintiff and which defendants refused to receive or accept, and which were afterwards sold by plaintiff, for account of defendants, at a loss. This action is to recover that loss. The trial below resulted in a judgment against defendants for $1,835.06.

310    Appellate Courts of Illinois.

Sleepy Eye Milling Co. v. Hartman et al., 184 Ill. App. 308.

The defendants are bakers in the city of Springfield. Plaintiff is a corporation located in Minnesota, manufacturing flour. There were two contracts for purchase of flour by defendants from the plaintiff, the first one was a purchase of six hundred barrels at a contract price of $5.35 per barrel; the second, made considerable time after the first, was a purchase of sixteen hundred barrels at a price of $5.50 per barrel. Prior to these purchases, defendants had been using a flour manufactured by plaintiff known as the Sleepy Eye Cream flour. Defendants received four hundred and twenty-five barrels of flour under the first contract of purchase, and used the same in their bakery at Springfield. This flour not proving satisfactory, and as defendants contend, and not fulfilling the contract of purchase, they refused to accept or receive the remaining one hundred and seventy-five barrels of that purchase, and after their experience with this first purchase or shipment they then notified plaintiff that they could not accept or receive the second purchase of sixteen hundred barrels, and repudiated that contract. Plaintiff shipped the flour in accordance with their contract to Springfield, Illinois, and after defendants had refused to receive or accept it on its arrival at Springfield, plaintiff reshipped all of the last purchase and one hundred and seventy-five barrels of the first purchase to St. Louis, Missouri, and various points in Indiana and Ohio and sold the same upon the market. Their loss upon the sale of the first contract was $175, their loss on the second contract was $1,835.-06.

The declaration is upon both these contracts, alleging the purchase by defendants and the failure to receive and accept the same, and the reshipment by plaintiff and loss sustained. Defendants pleaded that the plaintiff was a foreign corporation not licensed to do business in this State, that by reason thereof no recovery could be had; they also allege by their pleas that the flour contracted for by them was a brand of

flour of well known reputation and had heretofore
been of a certain standard and grade, and that they
were entitled to receive that grade of flour which they
had contracted for, and that the shipment of flour
made by plaintiff was not of that grade or standard,
by reason thereof defendants were injured in their
business by reason of the attempt to use the poor
grade of flour which they had accepted under the first
contract of purchase, and they claim this damage by
way of recoupment and set-off.

The trial court refused to permit defendants to
show damage to their business as a set-off against the
purchase of this flour and denied them the right to re-
coup any such damages. Defendants insist that this
action of the court was such error as to require a re-
versal of this case. They insist also that the judgment
is erroneous because the evidence shows that the plain-
tiff corporation was not licensed to do business in this
State, and that they maintained an agent in this
State for the sale of their flour, which constituted the
transaction of business in the State of Illinois without
a license. They also insist that the judgment is erro-
neous for the reason that it is not sustained by the evi-
dence, and that the court erred in the admission and
rejection of evidence and in the giving and refusing of
instructions.

Upon the contention that the plaintiff Company is a
foreign corporation and not licensed to do business in
this State, the contention is untenable for the reason
that the record discloses that the contract of sale was
made and the acceptance of the same was done in the
State of Minnesota at the home of the plaintiff corpor-
ation and not in Springfield, Illinois, and the evidence
does not disclose that plaintiff had or maintained any
agent in the State of Illinois through whom these con-
tracts were made, but that the party who defendants
insist was an agent and through whom the contracts
were made was a general broker, not only handling the
flour of the plaintiff Company but of other mills, and

the greater weight and perponderance of the evidence discloses that the contract was not made in the State of Illinois. The statute of this State regarding foreign corporations cannot be applied. *Black-Clawson Co. v. Carlyle Paper Co.,* 133 Ill. App. 61; *Havens & Geddes Co. v. Diamond,* 93 Ill. App. 557.

There is no contention that defendants ever examined or handled in any way any of the flour shipped under the second contract of purchase, but as to the condition, standard and value of that flour they rely wholly upon their experience with the first shipment. Their business was not, and it cannot be contended that their business was in any way injured or damaged by reason of the second contract or shipment of flour under that contract, as none of it was used by defendants, and the damage, if any was sustained, is wholly chargeable to the flour received and accepted under the first shipment; and under this state of facts no such loss or damage could be shown by way of recoupment in an action to recover for the second contract of purchase, and the court did not err in rejecting this evidence. A claim for unliquidated damages arising out of a breach of contract cannot be set off in an action to recover on another contract and the damage claimed having grown out of a former contract cannot be recovered by recoupment. *Keegan v. Kinnare,* 123 Ill. 281; *Clause v. Bullock Printing Press Co.,* 118 Ill. 612.

The defendants do not attempt in any way to contradict or deny the amount of the loss sustained by plaintiff upon the resale of this flour, but insist that it was its duty and plaintiff was required to have sold this flour in the city of Springfield, instead of making the shipment to other points; this position cannot be maintained under the law. After defendants had refused to accept or receive this flour it then became the duty of the plaintiff to resell it, and they were not, in so doing, confined to the market at Springfield, even though the flour might have been sold for a greater

sum in the city of Springfield than it did at the points where plaintiff shipped it, unless such reshipment and sale was done with the intention of injuring the defendants or with the knowledge that by making sales at other places a less price would be received.

Defendants do not attempt to deny or dispute the amount of the loss sustained by plaintiffs by reason of the resale of this flour or that the resale of the flour purchased by defendants under the second contract amounting to $1,835.06; the judgment recovered by plaintiff is only for this amount and it is evident that by their verdict the jury did not allow plaintiff any damage occasioned by the refusal of the defendants to accept the balance of the shipment under the first contract, and it is further evident that the jury allowed to the defendants all damages claimed by them under the first contract of purchase, and the ruling of the court concerning the claim of set-off or recoupment has not prejudiced the defendants. The mere fact that the flour shipped by plaintiff to the defendants under the first contract of purchase was not the quality of grade or standard purchased would not justify the conclusion arrived at by the defendants that the second shipment was of the same grade or character as the first. The preponderance of the evidence is that the grade of flour shipped by plaintiff under the second contract of purchase was first-class flour and the quality of the usual grade and fully up to the standard contracted for by defendants.

The defendants also insist that the court erred in refusing to permit them to show that the mill of the plaintiff Company was in the hands of a receiver, and that the flour manufactured by it and shipped under these contracts was purposely degraded and its efficiency damaged by the plaintiff Company for the purpose of permitting certain parties to purchase the plaintiff's mill at a receiver's sale at a greatly reduced price; this evidence could have had no bearing upon the questions at issue in this case, and was wholly in-

competent for the purpose for which it was offered, and was properly rejected by the trial court.

Although considerable criticism is made of the instructions given and refused, upon careful examination of the instructions given, modified and refused in this case, we find that the criticism is not warranted, and that the jury was fully and correctly instructed upon all propositions involved, and that the court committed no reversible error therein.

Finding no error in this record prejudicial to the defendants, the judgment is affirmed.

*Affirmed.*