No. 24,584.

F. H. WRIGHT, doing business as RICHLAND CANNING COMPANY, *Appellee*, v. LARSON BROTHERS WHOLESALE GROCERY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Canned Tomatoes—One Car Rejected as Spoiled—Buyer Attempted to Cancel Contract without Giving Seller Time to Make Good Delivery within Reasonable Time—Contract Wrongfully Canceled.* Under a contract for the sale of a car of canned tomatoes giving no specific date of delivery but containing the words "Pack of 1920" and "Goods to be shipped when packed and ready," the fact that a car shipped on September 15, 1920, was rejected by the buyer on the ground that many of the cans were swelled, and was therefore used by the seller elsewhere, did not authorize the buyer to rescind the contract without giving the seller an opportunity to make a good delivery within a reasonable time, or to refuse without examination a car shipped October 10, 1920.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed March 8, 1924. Affirmed.

*James F. Getty*, of Kansas City, for the appellant.

*J. E. McFadden*, and *O. Q. Claflin, jr.*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: F. H. Wright, a canner of tomatoes at Richland, Mo., entered into a written contract with Larson Brothers Wholesale Grocery Company, of Kansas City, Kan., to furnish it a carload— 1,000 cans. He brought this action against the company for damages for its refusal to accept and pay for a car shipped to them. The plaintiff recovered and the defendant appeals.

The answer was a general denial which was unverified and did not put in issue the execution of the contract. The defendant urges that judgment should have been rendered in its favor on the ground that according to the undisputed evidence it had rightfully canceled the contract because of the plaintiff's failure to make a delivery in accordance with its terms.

The contract contained these words following the description of the goods—"Pack of 1920 . . . Goods to be shipped when packed and ready. Above goods guaranteed against leaks and swells to July 1st, 1920 [the plaintiff said this should have been 1921], same, if any, to be charged to sellers, they to give disposition of same."

The car on account of which recovery is sought was shipped October 10, 1920, acceptance being refused on the ground already stated—that the defendant had effectively rescinded the contract. A prior shipment had been made September 15, which the defendant had rejected on account of its condition, and which the plaintiff had disposed of elsewhere—as he says, voluntarily, to avoid controversy. The defendant asserts that of a large number of cans examined approximately half were swelled and unsalable on that account. It will be assumed for present purposes that the first shipment was rightfully rejected because of a part of the cans being "swells" or "springers." The vital question presented is whether on the one hand that fact authorized the defendant to rescind the contract as it undertook to do on October 4 after being notified on September 30 that a second shipment was about to be made, or whether on the other the plaintiff was entitled to a reasonable time in which to make a good delivery.

If the contract had named a specific date as that on which the goods should be furnished the defendant would doubtless have had a right to rescind if no delivery had been made by that time. We do not however interpret the provision "Goods to be shipped when packed and ready" as amounting to such a limitation. The only evidence as to custom was that of the plaintiff to the effect that shipments were generally begun about August 10 and continued until frost—usually about October 10. Agreements to deliver "at once" or "as soon as possible" ordinarily are held to mean within a reasonable time. (35 Cyc. 181.) There is nothing in the record here to suggest any unreasonable delay. The defendant relies largely upon a decision holding that one who had ordered a tombstone with a specified inscription could rescind the contract after two attempted deliveries had been made which were properly rejected; in one instance because of an omission in the inscription and in the other because of the stone being broken. (*White Bronze Co. v. Gillette,* 88 Mich. 231.) That case can doubtless be distinguished from this upon the facts, but in any event it appears to be regarded as against the weight of authority. In 1 Black on Rescission and Cancellation it is said:

"Numerous decisions maintain the rule that a buyer is not justified in rescinding the contract on account of deficiency in quantity or quality of the goods delivered, when the defect can be remedied, the deficiency supplied, or the inferior portion of the goods replaced by others, and the seller offers to

do so and has the ability to do so, and will act within a reasonable time." (§ 194.)

This text is followed by a discussion of cases to the contrary, including that just referred to. A later Michigan case, cited as representing the majority view, held that a contract to purchase a monument and several small markers could not be rescinded by the buyer because the markers furnished were not of the specified size, where the seller promptly supplied their place with others meeting that requirement. In the opinion it was said:

"The *Gillette* case is clearly distinguishable from this, in that a material part of the inscription had in that case been omitted. It could not be changed except by making an entirely new monument. The first one had been delivered and tendered as complete. Mr. Gillette promptly notified the plaintiff that he refused to accept the monument, and that he rescinded and revoked its order, and declined to accept any other proposition. The company removed the monument, cast and put in place a second, which also was defective. They removed this, and put up a third, for which they brought suit. Had the first monument been of granite, and that part of the inscription omitted could have been chiseled in so as to comply with the contract, the case would have been like this. . . . It is not good law nor good sense that a party, under such circumstances, could not remedy a defect, and thus complete his contract." (*Black v. Herbert,* 111 Mich. 638, 640, 641.)

We think the first tender of delivery, which the defendant rejected, did not justify it in refusing the second, particularly in view of the fact that the contract recognized the possible occurrence of leaks and swells and provided that they should be charged to the seller who should dispose of them.

Complaint is made of some of the instructions, but the determination of the case turns on the question of law already discussed, to which the portions of the charge objected to gave effect.

The judgment is affirmed.